[Civ. No. 2541.   First Appellate District, Division One.—January 21, 1919.]

## AALWYN'S LAW INSTITUTE, Appellant, v. CITY AND COUNTY OF SAN FRANCISCO, Respondent.

MUNICIPAL CORPORATIONS—ORDINANCE—PLEADING.—Under section 459 of the Code of Civil Procedure, in pleading an ordinance it must be set out *in haec verba*, or by reference to its title and the day of its passage.

ID.—ACTION TO RECOVER TAXES PAID UNDER PROTEST—INVALIDITY OF
ORDINANCES AS GROUND—FAILURE TO SET OUT.—Where in an action
to recover taxes paid under protest on the ground of the invalidity
of the ordinances levying the same, the complaint neither set the
ordinances out *in haec verba* nor by reference to their titles and
dates of passage, but merely referred to them as being numbered
1208 and 1209, and asserted that they were adopted on a date men-
tioned, the trial court was in no position to declare the legislation
valid or invalid, and, upon submission of the case on the record, it
was justified in refusing the relief sought.

ID.—JUDGMENT—DEFAULT—APPLICATION FOR JUDGMENT.—While in the
nature of an action for money had and received, such action is based
upon the statute, section 3819 of the Political Code, which takes the
place of the ordinary action for money had and received, and the
clerk, therefore, is not authorized to enter judgment under subdivi-
sion 1 of section 585 of the Code of Civil Procedure, but on de-
fault in such case application must be made for the relief demanded,
under the second subdivision of said section 585.

ID.—JUDGMENT BY CLERK—VACATING.—The court was justified in vacat-
ing a judgment entered by the clerk in such case.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.  Geo. A. Sturtevant,
Judge.  Affirmed.

The facts are stated in the opinion of the court.

Crane & Crane  for Appellant.

George Lull, City Attorney, R. T. Ainsworth and Chas. S.
Peery, Assistant City Attorneys, for Respondent.

KERRIGAN, J.—This is an action to recover taxes paid
under protest upon a tax levy alleged to be illegal and invalid.
The action was commenced on May 27, 1911, and the amended
complaint was filed January 8, 1915.  A general demurrer to
each cause of action was filed and overruled.  Due notice of
the order overruling the demurrer was given, and defendant
having failed to answer within the time allowed, its default
was duly and regularly entered.  Thereafter, upon request of
plaintiff, the clerk of the court entered judgment in favor of
plaintiff and against defendant for the amount prayed for in
the amended complaint.  Notice of entry of judgment was
thereupon duly served upon defendant.  Defendant then

moved to set aside the default and vacate the judgment. The judgment was vacated by the court, but the motion to set aside the default was denied. Thereafter the case was submitted upon the record. The court subsequently rendered judgment in favor of the defendant. Plaintiff appeals from this judgment, and also from the order vacating the former judgment entered by the clerk.

The questions presented upon this appeal are, first, whether or not the complaint states a cause of action upon which the court was bound to order judgment for plaintiff; and, second, whether or not the court erred in vacating the judgment entered by the clerk.

The litigation arose out of certain ordinances adopted by the city and county of San Francisco for the purpose of suspending chapter 1, article III, section 11, of the charter of that city, which provisions contain a restriction upon the general grant of the taxing power to the municipality, known as the dollar limit, on the ground of "great necessity and emergency," as authorized by section 13 of the same article. Plaintiff alleged that the ordinance suspending the so-called dollar limit, and the ordinance levying the taxes thereafter, were void, for the reason that there was no great necessity or emergency for their passage. The allegations of the complaint simply refer to the ordinances as being numbered 1208 and 1209, and assert that they were adopted on the twenty-second day of June, 1910. It is further alleged that copies are attached to the complaint as Exhibits "A" and "B" and made a part thereof. No such copies are so attached, nor is there any allegation in the complaint of either the words or substance of the ordinances, nor are they referred to by their titles.

In pleading an ordinance it must be set out *in haec verba* or by reference to its title and the day of its passage (Code Civ. Proc., sec. 459). This requisite plaintiff has failed to comply with. Without the ordinance or any evidence before it, the court was in no position to declare the legislation valid or invalid, and upon submission of the case upon the record it was justified in refusing the relief sought.

Nor do we think that the court erred in setting aside the judgment entered by the clerk. While in the nature of an action for money had and received, the case is one based upon statute (Pol. Code, sec. 3819), and takes the place of the ordi-

nary action of *assumpsit* for money had and received. The case does not, therefore, come within the provisions of subdivision 1 of section 585 of the Code of Civil Procedure, authorizing the clerk to enter judgment, but is clearly controlled by the second subdivision of that section, requiring upon default an application for the relief demanded, which implies more than a motion for judgment. This being so, the court was justified in vacating the clerk's judgment.

For the reasons given the judgment is affirmed.

Waste, P. J., and Richards, J., concurred.